1  S. Todd Neal (Bar No. 174827)
   PROCOPIO, CORY, HARGREAVES &
2     SAVITCH LLP
   530 B Street, Suite 2100
3  San Diego, California  92101
   todd.neal@procopio.com
4  Telephone: 619.238.1900
   Facsimile: 619.235.0398
5
   Attorney for Defendant JOHN McTIERNAN
6

7

8              UNITED STATES DISTRICT COURT

9           FOR THE CENTRAL DISTRICT OF CALIFORNIA

10 | UNITED STATES OF AMERICA, | Case No.: 2:06-CR-00259-DSF |
|---|---|
11 | Plaintiff, | DEFENDANT JOHN McTIERNAN'S NOTICE OF MOTION AND MOTION TO RECUSE HON. DALE S. FISCHER AND DECLARATION OF S. TODD NEAL IN SUPPORT THEREOF |
12 | v. | |
13 | JOHN McTIERNAN, | |
14 | Defendant. | |
15 | | Date: |
   | | Time: |
16 | | Dept:    Courtroom 840 |
   | | Judge:   Hon. Dale S. Fischer |

17

...

26 ///

27 ///

28 ///

1

## **NOTICE OF MOTION AND MOTION FOR RECUSAL**

Pursuant to 28 U.S.C. sections 144 and 455, defendant John McTiernan moves this Court for an order recusing The Honorable Dale S. Fischer. This motion is based upon the instant motion, the attached memorandum of points and authorities, the declaration of S. Todd Neal and the files and records in this case, and upon any evidence or argument that may be presented to the Court at the hearing on this motion.

Date: December 12, 2008　　　　　Respectfully submitted,

PROCOPIO, CORY,
HARGREAVES & SAVITCH LLP

By: */s/ S. Todd Neal*
　　S. TODD NEAL,
　　Attorney for Defendant John McTiernan

116229/000001/995656.01

## MEMORANDUM OF POINTS & AUTHORITIES

With respect, defendant John McTiernan moves for an order recusing The Honorable Dale S. Fischer from further proceedings in this case. The Ninth Circuit has remanded this matter for an evidentiary hearing on the issue of Mr. McTiernan's motion to withdraw his guilty plea.[1]

At the evidentiary hearing, the trial judge will be required to make credibility findings on several issues. Necessarily, the Court will first be required to assess the credibility of the testimony of such likely witnesses as Mr. McTiernan and his former attorney John Carlton pertaining to their discussions about defenses, if any, on the suppression issue posed under 18 U.S.C. § 2511(2)(d).

Because The Honorable Dale S. Fischer has quite adamantly found for Mr. Carlton and against Mr. McTiernan, a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned on deciding these issues. Indeed, the Court also rejected the 2511 issue underlying McTiernan's withdrawal motion in the Christensen case: "But this Court has already made clear that much of the alleged support for this proposed motion doesn't even come close to entitling another vigorously represented defendant to an evidentiary hearing — much less suggesting that defendant might ultimately prevail." Order of September 25, 2007, p. 15-16, attached as Ex. 1 to declaration of S. Todd Neal.

1. **The Legal Standards.** Under 28 U.S.C. § 455(a), "[a]ny . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under both recusal statutes, the substantive standard is "'[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *U.S. v. Hernandez,* 109 F.3d 1450, 1453 (9th Cir. 1997) (*quoting U.S. v. Studley,* 783

---

[1] This motion is not premised on the fact of the reversal. *See Yagman v. Republic Ins.*, 987 F.2d 622, 626-27 (9th Cir. 1993).

F.2d 934, 939 (9th Cir. 1986)).

The controlling statutes on the issue of recusal are found in Title 28 of the United States Code:

**§455 DISQUALIFICATION OF JUSTICE, JUDE, OR MAGISTRATE**

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
(b) He shall also disqualify himself in the following circumstances:
(1) Where he had as personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
(d) For the purpose of this section the following words or phrases shall have the meaning indicated:
(1) "proceeding" included pretrial, trial, appellate review, or other stages of litigation;...

**§144 BIAS OR PREJUDICE OF JUDGE**

Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel or record stating that it is made in good faith.

**2. The Factual Basis of the Motion.** In its written order of September 25, 2007 (Ex. 1 to Neal decl.) denying Mr. McTiernan's motion to withdraw his guilty plea, the Court made the following comments concerning his credibility:

Page 7: "The Court concludes that McTiernan's claims are not credible"

Page 8: "McTiernan is clearly willing to lie whenever it suits his purpose, whether or not he has been advised of the ramifications of doing so .... and he is either lying to this Court now or he lied when signing the plea agreement and entering his plea in open court."

Page 9: "For similar reasons, the Court discounts McTiernan's claim that Carlton never discussed potential defenses with him."

4

1       <u>Page 9</u>: "Similarly, the Court credits Carlton's testimony that he advised McTiernan that he had a strong defense to the RICO conspiracy charge and discounts McTiernan's declaration testimony to the contrary."

4       <u>Page 13</u> : "McTiernan's claims simply are not credible."  "The most ludicrous of McTiernan's contentions relate to the purported 'coaching' by Carlton."

6       <u>Page 14</u>: "These statements are patently absurd on several levels." "As noted previously, McTiernan's testimony is ludicrous."

8       <u>Page 15</u>: "Bluntly stated, the Court finds McTiernan's allegation to be false...."

10      <u>Page 16</u>: "For the reasons described above, the Court accepts Carlton's declaration testimony and rejects McTiernan's."

12      <u>Page 17:</u> "...reasons for withdrawal lack credibility."

13      On October 2, 2007, in another order "re breach of plea agreement" the Court "found Mr. McTiernan lied in his declaration" supporting withdrawal of his guilty plea and "breached his promise to be truthful with the Court."  (Order attached as Ex. 2 to Neal decl.).

17      These sentiments were further expressed in open court on the hearing on the motions on September 24, 2007:

19      <u>RT 26</u>: "I find Mr. McTiernan's declaration completely lacking in credibility...." ("RT" refers to Reporter's Transcript)

21      <u>RT 42</u>: "The worst thing that happened to Mr. McTiernan duringh his entire childhood appears to be that he was given a scholarship to Exeter."

23      <u>RT 43</u>: "Mr. McTiernan has led a privileged life and simply wishes to continue to do so …"

25      <u>RT 45</u>: "If anything, Mr. McTiernan's privileged background is an aggravating factor."

27      (Reporter's Transcript pages attached as Ex. 3 to Neal decl.).

28      ///

116229/000001/995656.01

1     Now the issue of Mr. McTiernan's motion to withdraw is again before the Court and likely to be litigated with competing testimony between Mr. Carlton and Mr. McTiernan. The Court has already opined in no uncertain terms upon their credibility.

    It is probable that now both Mr. McTiernan and Mr. Carlton will be witnesses at the evidentiary hearing. It is unreasonable to expect that the district court's findings on credibility could be put aside to allow a fair evidentiary hearing and findings uninfluenced by strongly worded judgments already made.

    Additionally, as to the viability of the 2511 issue underlying McTiernan's withdrawal motion, the Ninth Circuit explicitly stated that "As long as a criminal or tortious purpose is a realistic possibility under the circumstances -- which it assuredly is here – there is nothing inherently implausible about the proposition that a reasonable person would not have pled guilty and would instead have sought through discovery to establish an illicit motive for the taping." *United States v. McTiernan,* 546 F.3d 1160, 1168 (9th Cir. 2008). This directly conflicts with the district court's assessment of the 2511 issue, which, as stated, is that the asserted defense "doesn't even come close to entitling … [another] defendant to an evidentiary hearing."  (Ex. 1 to Neal decl., pp. 15-16). In fact, the district court repeatedly refused to grant an evidentiary hearing on the 2515 in *U.S. v. Anthony Pellicano, et al.,* CR No. 05-1046(d). There, defendant Terry Christensen filed four separate motions to suppress pursuant to 18 U.S.C. § 2515. Each was denied by the district court without a single evidentiary hearing:

| DATE | DESCRIPTION |
|---|---|
| 5/18/2007 | Terry Christensen's Motion to Suppress Pursuant to 18 U.S.C. § 2515 |
| 7/31/2007 | Order Denying Without Prejudice Terry Christensen's Motion to Suppress Pursuant to 18 U.S.C. § 2515 |
| 9/28/2007 | Terry Christensen's Supplemental Motion to Suppress Pursuant to 18 U.S.C. § 2515 and Request for Evidentiary Hearing |

6

| DATE | DESCRIPTION |
|---|---|
| 10/24/2007 | Order Denying Terry Christensen's Motion to Suppress Pursuant to 18 U.S.C. § 2515 and Request for Evidentiary Hearing |
| 10/22/2007 | Terry Christensen's Motion to Suppress Evidence Seized Pursuant to the July 25, 2003 Search Warrant (18 U.S.C. § 2511) |
| 12/18/2007 | Order Denying Motion to Suppress Evidence Seized Pursuant to the July 25, 2003 Search Warrant (18 U.S.C. § 2511) |
| 6/3/2008 | Terry Christensen's Motion for Reconsideration of His Motion to Suppress Pursuant to 18 U.S.C. § 2515 and Request for Evidentiary Hearing |
| 7/2/2008 | Order Denying Motion for Reconsideration of His Motion to Suppress Pursuant to 18 U.S.C. § 2515 and Request for Evidentiary Hearing |

(Neal decl.).

**3. The Appearance of Justice Warrants Recusal Under §455.**

Under § 455(a), if the appearance of justice warrants it, the judge shall recuse him or herself. This section of the statute has permitted recusal without the necessary showing of actual bias or preference. The section exists because "justice must satisfy the appearance of justice." *Offut v. United States,* 348 U.S. 11, 14 (1954).

Prior to 1994, it was thought that recusal was permitted only if the appearance of bias came though an "extrajudicial source." But in Liteky v United States (1994) 510 U.S. 540, the Court stated it is better to speak of existence of the "extrajudicial source" as a "factor" as opposed to a condition precedent to a recusal. The fact that a disqualifying opinion held by a judge derives from a source outside judicial proceedings is neither a necessary condition for a showing of bias or prejudice nor a sufficient condition for bias or prejudice recusal.

///

///

116229/000001/995656.01

1  To be specific, *Liteky*, at p. 555, stated that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.[2]  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." Quoted in *Pesnell v. Arsenault,* 543 F.3d 1038 (9th Cir. 2008).

"The judge does not have to be subjectively biased or prejudiced, as long as he appears to be so." *Liteky v. U.S., supra* at 510 U.S. 553 n.2.

Under the two recusal sections, judges have been recused in a variety of contexts: *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 861 (1988)(§ 455(a) requires judicial recusal "if a reasonable person, knowing all the circumstances, would expect that the judge would have actual knowledge" of his interest or bias in the case" – the judge had been a member of the Board of Trustees of Loyola University while Liljeberg was negotiating with Loyola to purchase a parcel of land on which to construct a hospital.  The success and benefit to Loyola of these negotiations turned, in large part, on Liljeberg prevailing in the litigation before Judge Collins"); *In re IBM Corp.,* 45 F.3d 641, 644 (2d Cir. 1995) ("reasonable observer would question the Judge's impartiality on the pending issue" in that, among other things, the court refused to dismiss a case that both parties stipulated to dismissal); *Haines v. Liggett Group, Inc.,* 975 F.2d 81, 98 (3d Cir. 1992) (in recusing the district court for comments made about the tobacco litigation, the appeals court stated: "it is impossible for us to vindicate the

---

[2] This motion is not premised upon the basis of bias developed outside a judicial proceeding.

8

requirement of 'appearance of impartiality' in view of the statements made in the district court's prologue to its opinion"); *Haas v. Pittsburgh Nat. Bank,* 627 F.2d 677 (3rd Cir. 1980)(series of newspaper articles questioned judge's attitude toward class actions and attorney fee awards over which the judge was to preside); *Webbe v. McGhie Land Title Co.,* 549 F.2d 1358, 1361 (10th Cir. 1977)("there is not a reasonable likelihood that the trial judge in the instant case, having now been reversed for granting summary judgment, could later preside over the trial of this matter in a fair and impartial manner" [*citing* 28 U.S.C. §455]).

The statutory requirement of § 455(a) is that a judge "shall disqualify him or herself self in any proceeding in which his or her impartiality might reasonably be questioned." *United States v. Studley,* 783 F.2d 934, 939 (9th Cir. 1986) states that the alleged bias under a recusal motion brought pursuant to 28 U.S.C. § 455 must arise from an "extra-judicial source," but this area also extends to in-court comments and actions which would give the appearance of bias against a party.

The Fifth Circuit has recognized that where "persuasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party," recusal is required. *Davis v. Board of School Commissioners,* 517 F.2d 1044, at 1051 (5th Cir. 1975), *cert denied.,* 425 U.S. 944 (1976). The Fifth Circuit has stated that "the single fact that the judge's remarks were made in a judicial context does not prevent a finding of bias." *Whitehurst v. Wright,* 592 F.2d 834, 838 (5th Cir. 1979).

Thus, in *United States v. Holland,* 655 F.2d 44, 45 (5th Cir. 1981), the Fifth Circuit, in ordering a new trial for the defendant also held that the case was to be remanded before a new judge because remarks were made by the court reflecting "a personal prejudice" against the defendants. The Court stated "[t]he fact that these comments were made in a judicial context . . . does not prevent a finding of bias." 655 F.2d at 47.

///

///

Other circuits, likewise, have recognized that the judge must recuse him or herself where he has openly exhibited "a partisan zeal" for the defendants or "stepped down from the bench to assume the role of advocate on the defendant's behalf." *Knapp v. Kinsey,* 232 F.2d 458, 467 (1956); *Crowe v. Di Manno,* 225 F.2d 652, 659 (1st Cir. 1955).

It is a long-standing rule that a court must "exercise self restraint and preserve an atmosphere of impartiality and detachment." *Pariser v. City of New York,* 146 F.2d 431, 433 (2d Cir. 1945). The rule, therefore, is clear that:

> [W]hen the remarks of the judge during the course of a trial, or his manner of handling the trial clearly indicates hostility to one of the parties, or an unwanted pre-judgment of the merits of the case, or an alignment on the part of the court with one of the parties for the purpose of furthering or supporting the contentions of such party, the judge indicates, whether consciously or not, a personal bias and prejudice…..

*Knapp v. Kinsey, supra* at 232 F.2d 466.

It is recognized that hostility "is a form of bias," *Whitaker v. McLean,* 118 F.2d 596 (D.C. Cir. 1941), and the absence of the necessary "judicial calm" will result in the reversal of a judgment. *Moskun v. United States,* 143 F.2d 129, 130 (6th Cir. 1944). In order to preserve the requisite "atmosphere about the proceeding so that the public will have the 'assurance' of fairness and impartiality," *Connelly v. U.S. District Court,* 191 F.2d 692, 697 (9th Cir. 1951), courts of appeal have ordered the recusal of district court judges in light of statements and comments made from the bench. For example, in *Connelly,* the district court labelled the defendant a "Commie" and that he was sorry to see the defense attorney representing him. In *Nicodemus v. Chrysler Corporation,* 596 F.2d 152, 155 (6th Cir. 1979), the court ruled that the lower court judge had made remarks from the bench that were "both unsupported by the record and unnecessary in the circumstances."

///

///

116229/000001/995656.01

As the Eighth Circuit has observed, "[a] judge best serves the administration of justice by remaining detached from the conflict between the parties." *Reserve Mining Company v. Lord,* 529 F.2d 181,186 (8th Cir. 1976). Similarly, in *Roberts v. Bailar,* 625 F.2d 125 (6th Cir. 1980), the Sixth Circuit held that an independent duty devolved upon the trial court judge to recuse himself under §455(a), in light of the judge's comments at a pretrial hearing, which indicated that he had prejudged the matter.

In referring to a named defendant who later testified at trial, the *Roberts v. Bailar* court said, "I know Mr. Graves and he is an honorable man and I know he would never intentionally discriminate against anybody." Id. at 127. Once the court expressed its sentiments about the witnesses character, the "objective appearance of impartiality vanished." Id. at 129-130.

**4. Procedure Steps.** The Ninth Circuit has held that a judge against whom an affidavit of bias, or as here, the appearance of bias, is filed may pass on its legal sufficiency: "[o]nly after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case." *U.S. v. Azhocar,* 581 F.2d 735, 738 (9th Cir. 1978). "[T]o be legally sufficient, the affidavit must state facts which if true fairly support the allegation that bias or prejudice, or appearance thereof, that may prevent a fair decision on the merits. An affidavit based on conclusions, opinions, or rumors is not a sufficient basis for recusal. There must be a factual showing of a reasonable basis for questioning the impartiality of a judge, or allegations of facts establishing other disqualifying circumstances. (See Declaration of S. Todd Neal attached.)

As a practical matter, transfer may be required in this matter if the plea is withdrawn. The Court has read the probation report. In *In re James Gallaher, Jr.,* __ F.3d __ No. 07-74593 (9th Cir. November 13, 2008), the defendant was charged with murder and entered a conditional plea agreement to involuntary manslaughter. The District Court conditionally approved the plea but wanted to

read the pre-sentence report (PSR) before making a final decision. After reading the PSR, the judge denied the guilty plea. The Circuit ruled that while the Court had the discretion to withhold its consent to the guilty plea and reject it, it erred in viewing the PSR in violation of the non-disclosure provision in F.R.Cr.P. 32(e)(1).[3] Since the Court had not accepted Gallaher's plea, it was not entitled to view the PSR, and viewing of the PSR was prejudicial error warranting the assignment of a new judge.

## CONCLUSION

For the reasons stated, defendant McTiernan requests an order recusing The Honorable Dale S. Fischer from further proceedings in this case and that the matter be transferred to another court.

Date: December 12, 2008            Respectfully submitted,

PROCOPIO, CORY,
HARGREAVES & SAVITCH LLP


By: */s/ S. Todd Neal*
    S. TODD NEAL,
    Attorney for Defendant John McTiernan

---

[3] The Rule states: "Unless the defendant has consented in writing, the probation officer must not submit a presentence report to the court or disclose its contents to anyone until the defendant has pleaded guilty or nolo contendere, or has been found guilty.

116229/000001/995656.01

## DECLARATION OF S. TODD NEAL

I am a licensed California attorney and represent the defendant, John McTiernan. I make this declaration in good faith and state the facts and the reasons for the position that a reasonable observer would question the Court's impartiality on the issue pending before the court upon which it has previously ruled.

The instant recusal motion filed this date is based upon the appearance of bias. It cites to the previous comments of the Honorable Dale S. Fischer during the litigation of defendant McTiernan's motion to withdraw his guilty plea, an issue again before the district court following the remand order of the Ninth Circuit.

In its written order of September 25, 2007, a true and correct copy of which is attached hereto as Exhibit 1, in denying Mr. McTiernan's motion to withdraw his guilty plea, the district court made the following comments concerning McTiernan's credibility with respect to the issue of his motion to withdraw his guilty plea:

Page 7: "The Court concludes that McTiernan's claims are not credible"

Page 8: "McTiernan is clearly willing to lie whenever it suits his purpose, whether or not he has been advised of the ramifications of doing so .... and he is either lying to this Court now or he lied when signing the plea agreement and entering his plea in open court."

Page 9: "For similar reasons, the Court discounts McTiernan's claim that Carlton never discussed potential defenses with him."

Page 9: "Similarly, the Court credits Carlton's testimony that he advised McTiernan that he had a strong defense to the RICO conspiracy charge and discounts McTiernan's declaration testimony to the contrary."

Page 13 : "McTiernan's claims simply are not credible." "The most ludicrous of McTiernan's contentions relate to the purported 'coaching' by Carlton."

Page 14: "These statements are patently absurd on several levels." "As noted previously, McTiernan's testimony is ludicrous."

1
2      <u>Page 15:</u> "Bluntly stated, the Court finds McTiernan's allegation to be false...."

3
4      <u>Page 16:</u> "For the reasons described above, the Court accepts Carlton's declaration testimony and rejects McTiernan's."

5      <u>Page 17:</u> "...reasons for withdrawal lack credibility."

6      On October 2, 2007, in another order "re breach of plea agreement",
7      attached hereto as Exhibit 2, the Court "found Mr. McTiernan lied in his
8      declaration" supporting withdrawal of his guilty plea and "breached his promise to
9      be truthful with the Court."

10     These adamantly stated positions were further expressed in open court on
11     the hearing on the motions on September 24, 2007. A true and correct copy of the
12     cited pages from the Reporter's Transcript ("RT") is attached hereto as Exhibit 3.
13     It contains the following comments made by the district court:

14     <u>RT 26:</u> "I find Mr. McTiernan's declaration completely lacking in
15     credibility...."

16     <u>RT 42:</u> "The worst thing that happened to Mr. McTiernan duringh his entire
17     childhood appears to be that he was given a scholarship to Exeter."

18     <u>RT 43:</u> "Mr. McTiernan has led a privileged life and simply wishes to
19     continue to do so …"

20     <u>RT 45:</u> "If anything, Mr. McTiernan's privileged background is an
21     aggravating factor."

22     Given that the plea withdrawal issue is again before the district court for
23     hearing and decision, a reasonable person knowing all the facts of the proceedings
24     would reasonably question the impartiality of court in redetermining an issue it so
25     pointedly decided was meritless based on its assessment of the lack of credibility
26     of Mr. McTiernan and the credibility of Mr. John Carlton.
27     ///
28     ///

14

Additionally, with respect to the suppression issue posed by 18 U.S.C. § 2511, I have reviewed filings and court orders from the matter of *U.S. v. Anthony Pellicano, et al.,* CR No. 05-1046(d). There, defendant Terry Christensen filed four separate motions to suppress pursuant to 18 U.S.C. § 2515. Each was denied by the district court without granting an evidentiary hearing. The chronology is as follows:

| DATE | DESCRIPTION |
| --- | --- |
| 5/18/2007 | Terry Christensen's Motion to Suppress Pursuant to 18 U.S.C. § 2515 |
| 7/31/2007 | Order Denying Without Prejudice Terry Christensen's Motion to Suppress Pursuant to 18 U.S.C. § 2515 |
| 9/28/2007 | Terry Christensen's Supplemental Motion to Suppress Pursuant to 18 U.S.C. § 2515 and Request for Evidentiary Hearing |
| 10/24/2007 | Order Denying Terry Christensen's Motion to Suppress Pursuant to 18 U.S.C. § 2515 and Request for Evidentiary Hearing |
| 10/22/2007 | Terry Christensen's Motion to Suppress Evidence Seized Pursuant to the July 25, 2003 Search Warrant (18 U.S.C. § 2511) |
| 12/18/2007 | Order Denying Motion to Suppress Evidence Seized Pursuant to the July 25, 2003 Search Warrant (18 U.S.C. § 2511) |
| 6/3/2008 | Terry Christensen's Motion for Reconsideration of His Motion to Suppress Pursuant to 18 U.S.C. § 2515 and Request for Evidentiary Hearing |
| 7/2/2008 | Order Denying Motion for Reconsideration of His Motion to Suppress Pursuant to 18 U.S.C. § 2515 and Request for Evidentiary Hearing |

I declare under penalty and perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 12th day of December, 2008, San Diego, California.


    */s/ Todd Neal*
S. Todd Neal, counsel for Defendant
John McTiernan

116229/000001/995656.01