ANDRÉ BIROTTE JR.
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
DANIEL A. SAUNDERS (Cal. Bar #161051)
daniel.saunders@usdoj.gov
KEVIN M. LALLY (Cal. Bar #226402)
kevin.lally@usdoj.gov
Assistant United States Attorneys
Violent & Organized Crime Section
1500 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2272/2170
Facsimile: (213) 894-3713

Attorney for Plaintiff
United States of America

FILED
CLERK, U.S. DISTRICT COURT
JUL 1 2 2010
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,           ) CR No. 06-259(B)-DSF
                                    )
                Plaintiff,          ) PLEA AGREEMENT
                                    )
           v.                       )
                                    )
JOHN McTIERNAN,                     )
                                    )
                Defendant.          )
                                    )
                                    )

     1.   This constitutes the conditional and binding plea agreement between JOHN McTIERNAN ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority.

## PLEA

2. Defendant agrees to plead guilty to counts one and two of the Second Superseding Indictment in <u>United States v. John McTiernan</u>, No. CR 06-259(B)-DSF ("counts one and two"), and count three of the First Superseding Indictment in <u>United States v. John McTiernan</u>, No. CR 06-259(A)-DSF ("count three"). Defendant's guilty pleas are conditional, in that defendant reserves the right, on appeal from the judgment, to seek review of the adverse rulings specified below (to the extent that such rulings are found to be appealable). If defendant prevails on appeal, defendant will be allowed to withdraw defendant's guilty pleas.

    a. 2/17/09 Order denying Defendant's Motion to Recuse Hon. Dale S. Fischer (Docket #130);

    b. 6/8/10 Order denying Defendant's Motion to Suppress Pursuant to 18 U.S.C. § 2515 (Docket #197);

    c. 6/8/10 Order denying Defendant's Motion to Dismiss Count 3 of the First Superseding Indictment (Docket #198);

    d. 6/28/10 Order granting in part Government's Motion in Limine to Limit Scope of Cross-Examination of Witness (Docket #225);

    e. 6/28/10 Order denying Defendant's Motion to Compel Further Discovery (Docket #229);

    f. 6/28/10 Order granting in part Government's Motion in Limine to Preclude Irrelevant Evidence and Argument Aimed at Jury Nullification (Docket #238 [228]);

    g. 7/2/10 Order denying Defendant's Motion to Recuse Hon. Dale S. Fischer (Docket #251);

1  h. 7/7/10 Order granting in part and denying in part Defendant's Motions to Preclude Certain Evidence and Argument (Docket #254 DAS).

## NATURE OF THE OFFENSE

3. In order for defendant to be guilty of counts one and two, which charge violations of Title 18, United States Code, Section 1001(a)(2), the following must be true: (1) defendant made a false statement in a matter within the jurisdiction of the Department of Justice, Federal Bureau of Investigation; (2) defendant acted willfully, that is deliberately and with knowledge that the statement was untrue; and (3) the statement was material; that is, the statement had a natural tendency to influence, or was capable of influencing, the Federal Bureau of Investigation's decisions or activities. Defendant admits that defendant is, in fact, guilty of these offenses as described in counts one and two of the Second Superseding Indictment.

4. In order for defendant to be guilty of count three, which charges a violation of Title 18, United States Code, Section 1623(a), (c), the following must be true: (1) defendant made a declaration under oath before a United States court; (2) the declaration was false; (3) defendant knew that the declaration was false; and (4) the false declaration was material to the matters before the court; that is, the declaration had a natural tendency to influence, or was capable of influencing, the court. Defendant admits that defendant is, in fact, guilty of this offense as describe in count three of the First Superseding Indictment.

## PENALTIES

5. The statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Section 1001 is: five years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1623(a), (c) is: five years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7. Therefore, the total maximum sentence for all offenses to which defendant is pleading guilty is: 15 years imprisonment; a three-year period of supervised release; a fine of $750,000 or twice the gross gain or loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $300.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty pleas, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but

not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

9. Defendant understands that, if defendant is not a United States citizen, the felony convictions in this case may subject defendant to removal, also known as deportation, which may, under some circumstances, be mandatory. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony convictions in this case. Defendant understands that by entering guilty pleas defendant waives any claim that unexpected immigration consequences may render defendant's guilty pleas invalid.

## FACTUAL BASIS

10. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts includes facts sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guideline factors set forth in paragraph 13 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to defendant that relate to that conduct.

<u>Counts One and Two</u>

On February 13, 2006, defendant was telephonically interviewed by a Special Agent of the Federal Bureau of Investigation ("FBI") in connection with an

5

investigation into, among other things, former private investigator Anthony Pellicano's use of illegal wiretapping. Defendant stated during the telephonic interview that the only time he had hired or had contact with Anthony Pellicano was in connection with defendant's divorce proceedings. Defendant also stated during the telephonic interview that he had never discussed wiretapping with Pellicano. As defendant well knew at the time he made these statements, these statements were false. In fact, defendant had retained Pellicano in or around August 2000 and had paid him at least $50,000 to conduct an illegal wiretap of Charles Roven, and Pellicano had discussed with defendant his interception of Roven's telephone calls and the information that Pellicano had obtained from that wiretap. Defendant's false statements were material to the FBI's investigation.

Count Three

On or about April 17, 2006, after having been placed under oath at his guilty plea hearing in United States District Court, defendant, when asked by the court whether his attorney had told him how he should answer any of the questions asked by the court at that hearing, stated, "No, he did not, ma'am."

On or about September 17, 2007, defendant signed a declaration under penalty of perjury and caused it to be submitted to the United States District Court in support of his motion to withdraw his previously

6

entered guilty plea. In paragraph 12 of that declaration, defendant stated that his attorney John Carlton had specifically instructed defendant, prior to the April 17, 2006 guilty plea hearing, to "give no hint that [FBI] Agent Ornellas' interview of [defendant] had not been conducted in person and in fact he called on the telephone from Los Angeles," and had "proposed some very careful wording" and "rehearsed" defendant's responses so that he could "get away with it."

The above two statements were both made knowingly and are inconsistent to the degree that one of them is necessarily false. Both statements were material to the matters before the court.

## WAIVER OF CONSTITUTIONAL RIGHTS

11. By pleading guilty, defendant gives up the following rights:

    a) The right to persist in a plea of not guilty.

    b) The right to a speedy and public trial by jury.

    c) The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial. (In this regard, defendant understands that, despite his plea of guilty, he retains the right to be represented by counsel - and, if necessary, to have the court appoint counsel if defendant cannot afford counsel - at every other stage of the proceedings.)

      d)   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e)   The right to confront and cross-examine witnesses against defendant.

      f)   The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

      g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed, except as set forth in paragraph 2 of this agreement.

### SENTENCING FACTORS

12.   Defendant understands that the Court is required to consider and apply the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") but may depart from those guidelines under some circumstances.

13.   Defendant and the USAO agree and stipulate to the following applicable sentencing guideline factors:

<u>Counts One and Two</u>

    Base Offense Level  :     6    [U.S.S.G. § 2B1.1(a)]

    Total Offense Level :     6

<u>Count Three</u>

| | | | |
|---|---|---|---|
| Base Offense Level | : | 14 | [U.S.S.G. § 2J1.3(a)] |
| Substantial Interference With Administration of Justice | : | +3 | [U.S.S.G. § 2J1.3(b)(2)] |
| Total Offense Level | : | 17 | |

<u>Total Offense Level</u>

| | | | |
|---|---|---|---|
| Combined Offense Level: | | 17 | [U.S.S.G. § 3D1.4] |
| Acceptance of Responsibility | : | -2 | [U.S.S.G. § 3E1.1(a)] |
| Total Offense Level | : | 15 | |
| Criminal History Category | : | I | |

| | | |
|---|---|---|
| Guideline Range | : | 18 - 24 months imprisonment |
| | | $4,000 - $40,000 fine |

The parties agree not to seek, argue, or suggest that any other specific offense characteristics, adjustments, or departures be imposed.

14.  Defendant and the USAO agree that an appropriate disposition of this case is that the court impose a sentence within the range of:  0-12 months imprisonment; 3 years supervised release (with conditions to be fixed by the Court); a $100,000 fine; and a $300 special assessment.

15.  The Court will determine the facts and calculations relevant to sentencing and decide whether to agree to be bound by this agreement.  Both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, and (b) correct any

and all factual misstatements relating to the calculation of the sentence.

16. Defendant understands and agrees that this agreement is entered into pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). So long as defendant does not breach the agreement, defendant may withdraw from this agreement and render it null and void if the Court refuses to be bound by this agreement. The USAO may, in its discretion, withdraw from this agreement and render it null and void if the defendant breaches this agreement or the Court refuses to be bound by this agreement.

## DEFENDANT'S OBLIGATIONS

17. Defendant agrees that he will:

    a) Plead guilty as set forth in this agreement.

    b) Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

    c) Not knowingly and willfully fail to: (i) appear as ordered for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

    d) Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

    e) Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

    f) Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay.

## THE USAO'S OBLIGATIONS

18. If defendant complies fully with all of defendant's obligations under this agreement, the USAO agrees:

    a) To abide by all sentencing stipulations contained in this agreement.

    b) Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not to further prosecute defendant for violations of Title 18, United States Code, arising out of defendant's conduct described in the stipulated factual basis set forth in paragraph 10 above. Defendant understands that the USAO is free to prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors.

    c) Not to oppose defendant's request for bail pending appeal.

## BREACH OF AGREEMENT

19. If defendant, at any time between the execution of this agreement and defendant's sentencing on a non-custodial sentence or surrender for service on a custodial sentence, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement

11

breached. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, defendant will not be able to withdraw defendant's guilty pleas, and the USAO will be relieved of all of its obligations under the agreement.

20. Following a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a) Defendant agrees that the applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

    b) Defendant gives up all defenses based on the statute of limitations, any claim of preindictment delay, or any speedy trial claim with respect to any such prosecution, except to the extent that such defenses existed as of the date of defendant's signing of this agreement.

    c) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; ii) the stipulated factual basis statement in this agreement; and iii) any evidence derived from such statements, are admissible against defendant in any future prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

21. Defendant gives up the right to appeal any sentence imposed by the Court, and the manner in which the sentence is determined, provided that the sentence is within the range agreed to in paragraph 14 above. Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or a explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Notwithstanding the foregoing, defendant retains the ability to appeal the conditions of supervised release imposed by the court, with the exception of the following: standard conditions set forth in district court General Orders 318 and 01-05; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

22. The USAO gives up its right to appeal any sentence imposed by the Court provided that the sentence is within the range agreed to in paragraph 14 above.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

23. Defendant and the USAO agree that if any count of conviction is vacated, reversed, or set aside as a result of review on appeal of the adverse determinations specified in paragraph 2 above, the government will not oppose defendant's withdrawal of his guilty plea(s) as to any remaining count(s) of conviction. Defendant and the USAO agree that such a plea

1  withdrawal, under those specific circumstances, shall not be
2  considered a breach of this agreement.
3      24. Following the withdrawal of any guilty plea(s) pursuant
4  to paragraph 23, should the USAO elect to pursue any count as to
5  which such plea withdrawal has occurred, or any charge that was
6  either dismissed or not filed as a result of this agreement
7  (including additional counts charging violations of Title 18,
8  United States Code, Section 1623 in connection with defendant's
9  2007 motion to withdraw his guilty plea), then:
10     a) Defendant agrees that the applicable statute of
11 limitations is tolled between the date of defendant's signing of
12 this agreement and the commencement of any such prosecution or
13 action.
14     b) Defendant gives up all defenses based on the statute
15 of limitations, any claim of preindictment delay, or any speedy
16 trial claim with respect to any such prosecution, except to the
17 extent that such defenses existed as of the date of defendant's
18 signing of this agreement.

### COURT NOT A PARTY

20     25. The Court is not a party to this agreement and need not
21 accept any of the USAO's sentencing recommendations or the
22 parties' stipulations.

### NO ADDITIONAL AGREEMENTS

24     26. Except as set forth herein, there are no promises,
25 understandings or agreements between the USAO and defendant or
26 defendant's counsel. Nor may any additional agreement,
27 understanding or condition be entered into unless in a writing
28 signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_____          7/12/10
~~DANIEL A. SAUNDERS~~ KEVIN McALLY        Date
Assistant United States Attorney


I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____          7/12/10
JOHN McTIERNAN                        Date
Defendant

15

I am JOHN McTIERNAN's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

*Chuck McRae*     July 12, 2010
Counsel for Defendant    Date
JOHN McTIERNAN